IN THE UNITED STATES DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GALLAGHER, LANGLAS & GALLAGHER, P.C.,<br>TIMOTHY C. BOLLER,<br>E.J. GALLAGHER III,<br>EDWARD J. GALLAGHER, JR., LINDA A. JENSEN HALL,<br>THOMAS W. LANGLAS,<br>DOMINIC PECHOTA,<br>KAREN L. THALACKER,<br>THOMAS C. VERHULST,<br>GEORGE L. WEILEIN,<br>MELISSA M. TIMMERMANS, and<br>BRENT J. HEEMSKERK, Fiduciary of Estate/Conservatorship of<br>DAVID A. ROTH,<br><br>Defendants. | Civil Action No.: 6:15-CV-2008<br><br><br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM.** |

**COME NOW** the Defendants, Gallagher, Langlas & Gallagher, P.C, Timothy C. Boller, Edward J. Gallagher, Jr., E.J. Gallagher III, Thomas W. Langlas, Thomas C. Verhulst, and George L. Weilein, by and through their counsel of record, Patterson Law Firm, L.L.P., for their Answer to the Plaintiff's Petitioner hereby state as follows:

**I. PARTIES, JURISDICTION AND VENUE**

1. Defendants admit that an actual controversy has arisen and further admit that Policy No. 4716-19 was issued by Minnesota Lawyers Mutual Insurance Company (hereinafter referred to "MLM") to named insured Gallagher, Langlas, Gallagher, P.C,

1

("GLG") and that said policy named Timothy C. Boller, E.J. Gallagher III, Edward J. Gallagher, Jr., Linda A. Jensen Hall, Thomas W. Langlas, Dominic Pechota, Karen L. Thalacker, Thomas C. Verhulst, George L. Weilein, Melissa M. Timmerman, and David A. Roth as insured. It is admitted that MLM is requesting the relief contained in Paragraph No. 1.

2. Defendants admit the allegations made and contained in Paragraph No. 2.

3. Defendants admit that at all material times, GLG was a law firm and professional corporation at the address listed in Paragraph No. 3.

4. Defendants admit that Defendants Timothy C. Boller, E.J. Gallagher III, Thomas W. Langlas, Thomas C. Verhulst, and George Weilein are citizens of the State of Iowa and were employed or owners of GLG. Said Defendants deny for lack of information upon which to form a present belief MLM's assertion as to why said individuals were identified as Defendants.

5. Defendants admit that Brent J. Heemskerk is the Fiduciary of the Estate/Conservatorship of David A. Roth, Probate No. ESPR060144, pending in the Iowa District Court for Black Hawk County. Defendants admit that David A. Roth was an individual citizen of the State of Iowa and was employed as an attorney of GLG. Defendants deny for lack of information upon which to form a present belief the assertion as to why MLM named the Estate as a party Defendant.

6. Defendants admit that Plaintiff is seeking declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

2

7. Defendants admit that this Court has jurisdiction. Defendants deny that Plaintiff is entitled to the declaratory relief sought.

8. Defendants Timothy C. Boller, E.J. Gallagher III, Thomas W. Langlas, Thomas C. Verhulst, George L. Weilein, and GLG admit that the Court has personal jurisdiction over them. Defendants deny the remainder of Paragraph No. 8 for lack of information upon which to form a present belief.

9. Defendants admit the allegations made and contained in Paragraph No. 9.

### III. FACTUAL ALLEGATIONS

10. Defendants admit the allegations made and contained in Paragraph No. 10.

11. Defendants admit that the MLM policy at issue is a "claims made" policy, but deny for lack of information the nature of other policies issued by Plaintiff MLM. The remainder of this paragraph states conclusions of law rather than allegations of fact and requires no response. To the extent a response is required, Defendants acknowledge that Plaintiff MLM has correctly stated the distinction between occurrence and claims made policies.

12. Defendants deny for lack of information upon which to form a present belief the purpose for which MLM issued the policy at issue stated in Paragraph 12.

13. Defendants deny for lack of information upon which to form a present belief the statements made in Paragraph 13 the purported reliance of "insurers" who issue claims made policies. Defendants deny the allegation to the extent it fails to recognize insurers can perform independent investigations. Defendants further deny the claim as

3

the MLM policy reissued effective October 1, 2014, had a lower premium than Policy 4716-19.

    14.    Defendants admit the allegations made and contained in Paragraph No. 14.

    15.    Defendants admit the allegations made and contained in Paragraph No. 15.

    16.    Defendants deny for lack of information and object to the use of the term "authorized representative" as the term is undefined, vague, and ambiguous.

    17.    Defendants admit the allegations made and contained in Paragraph No. 17

    18.    Defendants admit the allegations made and contained in Paragraph No. 18.

    19.    Defendants admit the allegations made and contained in Paragraph No. 19.

    20.    Defendants admit the allegations made and contained in Paragraph No. 20.

    21.    Defendants admit the allegations made and contained in Paragraph No. 21.

    22.    Defendants deny the response to question 4(a) was false, Defendant admit the remainder of this allegation.

    23.    Defendants deny for lack of information upon which to form a present belief the allegations made and contained in Paragraph No. 23. Defendants do not know the extent of Roth's knowledge or recognition that said incidents could reasonably result in claims.

    24.    Defendants admit the allegations made and contained in Paragraph No. 24.

    25.    Defendants admit the allegations made and contained in Paragraph No. 25.

    26.    Defendants deny the allegations made in Paragraph 26. Defendants deny there had been any changes concerning office systems, procedures, additional/deleted lawyers, etc.

27. Defendants admit the allegations made and contained in Paragraph No. 27.

28. Defendants deny for lack of information upon which to form a present belief the allegations made and contained in Paragraph No. 28. Defendants do not know the extent of Roth's knowledge or recognition that said incidents could reasonably result in claims.

29. Defendants admit the allegations made and contained in Paragraph No. 29.

30. Defendants admit the allegations made and contained in Paragraph No. 30.

31. Defendants deny the allegations in Paragraph 31. Defendants deny Roth or any other attorney was engaged in a business other than the practice of law.

32. Defendants deny that Roth was engaged in "financial planning and investment services" and further deny the remainder of Paragraph 32 for lack of information upon which to form a belief.

33. Defendants deny that Roth was engaged in an "investment business".

34. Defendants admit the allegations made and contained in Paragraph No. 34.

35. Defendants admit the allegations made and contained in Paragraph No. 35.

36. Defendants admit the allegations made and contained in Paragraph No. 36.

37. Defendants admit the allegations made and contained in Paragraph No. 37.

38. Defendants admit the allegations made and contained in Paragraph No. 38.

39. Defendants deny the allegations made and contained in Paragraph No. 39.

40. Defendants deny for lack of information upon which to form a present belief the allegations made and contained in Paragraph No. 40. Defendants' do not know Roth's intent.

5

Case 6:15-cv-02008-EJM   Document 21   Filed 04/09/15   Page 5 of 16

41. Defendants admit MLM issued a premium quote, but deny said quote was issued in "reasonable reliance" on the Application. Defendants admit the Request to Issue contained the language quoted in Paragraph 41.

42. Defendants admit the allegations made and contained in Paragraph No. 42.

43. Defendants admit the allegations made and contained in Paragraph No. 43

44. Defendants deny the allegations made and contained in Paragraph No. 44.

45. Defendants deny for lack of information upon which to form a present belief the allegations made and contained in Paragraph No. 45. Defendants do not know Roth's intent.

46. Defendants admit a policy was issued, but deny it was issued in "reasonable reliance" on the information in the application.

47. Defendants admit the allegations made and contained in Paragraph No. 47.

48. Defendants admit the allegations made and contained in Paragraph No. 48.

49. Defendants admit that MLM reserved its rights with respect to coverage on a claim by claim basis. Defendants deny that MLM reserved its rights to seek recision of the policy as said recision was not mentioned until January 8, 2015. Defendants admit that in correspondence since January 8, 2015, MLM has referenced a reservation of its right to seek rescission. However, MLM had already ratified the insurance contract issue as identified in the affirmative defenses stated below.

50. Defendants admit that Roth had a secret bank account at Veridian Credit Union in Waverly, Iowa to which they had no knowledge, and that said account was not

6

designated as an attorney trust account, but deny the account was "in the name of GLG." The account was "Gallagher Langlas."

51. Defendants admit the allegations made and contained in Paragraph No. 51.

52. Defendants admit Roth was aware of multiple incidents, but deny for lack of information upon which to form a present belief whether Roth appreciated the incidents could reasonably result in claims as alleged. Defendants deny for lack of information upon which to form a present belief whether Roth was aware or appreciated that the incidents identified in subparagraphs "a" through "cc" could reasonably result in claims. Defendants further deny for lack of information upon which to form a present belief whether the specific factual allegations in subparagraph "a" through "cc" occurred, or occurred in the manner detailed.

53. Defendants deny the allegations made and contained in Paragraph No. 53.

54. Defendants deny that the action of Roth detailed in Paragraph No. 54 constituted a "business other than the practice of law". Defendants deny for lack of information upon which to form a present belief the specific allegations of paragraphs "a" through "j".

55. Defendants deny the allegations made and contained in Paragraph No. 55.

56. Defendants admit the allegations made and contained in Paragraph No. 56.

## COUNT I: EQUITABLE RECISSION

57. Defendants hereby reassert their Answers to Paragraphs Nos. 1 – 56 as set forth fully herein.

7

58. Defendants admit Roth made representations in the Application and Request to Issue, but deny Roth was an "authorized" representative as the term is undefined, vague and ambiguous.

59. Defendants admit Roth's representations as to his knowledge of incidents he should have known could result in claims were false.

60. Defendants admit Roth's representations as to his knowledge of incidents in the prior year that he should have known could result in claims were false.

61. Defendants deny the allegations made and contained in Paragraph No. 61.

62. Defendants deny the allegations made and contained in Paragraph No. 62.

63. Defendants deny for lack of information upon which to form a present belief the allegations made and contained in Paragraph No. 63. Defendants do not know Roth's intent.

64. Defendants deny the allegations made and contained in Paragraph No. 64.

65. Defendants deny the allegations made and contained in Paragraph No. 65.

66. Defendants deny the allegations made and contained in Paragraph No. 66.

**WHEREFORE,** Defendants, Gallagher, Langlas & Gallagher, P.C, Timothy C. Boller, Edward J. Gallagher, Jr., E.J. Gallagher III, Thomas W. Langlas, Thomas C. Verhulst, and George L. Weilein, hereby request that Plaintiff's Petition be dismissed at Plaintiff's cost and that Defendants be awarded their costs and attorney's fees.

## AFFIRMATIVE DEFENSES

1. <u>Ratification</u>. Plaintiff MLM ratified Policy No. 4716-19, including but not limited to the following acts:

a. Paying claims after obtaining knowledge of false statements by Roth, including but not limited to the October 30, 2014 payment to the Gallagher Langlas Gallagher P.C. Trust Account in the amount of $71,532.25 (invoice number 14-872). *See Ex. A, Invoice 14-782.*

b. Renewing Policy 4716-19 after obtaining knowledge of false statement by Roth. *See Ex. B, Policy 4716-20.*

c. After learning of Roth's false statements, electing not to immediately rescind the policy, but instead availing itself to the benefits of the policy by relying on the language of the Extended Reporting Period Options in refusing to allow GLG to purchase an Extended Reporting Period Endorsement. *See Ex. C, Email Communication from MLM.*

d. After learning of Roth's false statements, and in response to a request to purchase Extended Reporting Period Options, indicating Policy 4716-19 was renewed, and indicating "the coverage provided by Policy 4716-19 will be available pursuant to its terms and conditions." *See Ex. C.*

e. After learning of Roth's false statements, availing itself to the benefits of Policy No. 4716-19 by demanding GLG cooperate with its investigation but refusing to compensate expenses associated with said investigation.

f. Failing to advise GLG of its intent to rescind until January 8, 2015, after having availed itself of the benefits of some provisions of the policy as indicated above.

2. <u>Waiver</u>. MLM waived its purported right to rescind Policy No. 4716-19, including but not limited to the following acts:

a. Paying claims after obtaining knowledge of false statements by Roth, including but not limited to the October 30, 2014 payment to the Gallagher Langlas Gallagher P.C. Trust Account in the amount of $71,532.25 (invoice number 14-872). *See Ex. A, Invoice 14-782.*

b. Renewing Policy 4716-19 after obtaining knowledge of false statement by Roth. *See Ex. B, Policy 4716-20.*

9

c. After learning of Roth's false statements, electing not to immediately rescind the policy, but instead availing itself to the benefits of the policy by relying on the language of the Extended Reporting Period Options in refusing to allow GLG to purchase an Extended Reporting Period Endorsement. *See Ex. C, Email Communication from MLM*.

d. After learning of Roth's false statements, and in response to a request to purchase Extended Reporting Period Options, indicating Policy 4716-19 was renewed, and indicating "the coverage provided by Policy 4716-19 will be available pursuant to its terms and conditions." *See Ex. C*.

e. After learning of Roth's false statements, availing itself to the benefits of Policy No. 4716-19 by demanding GLG cooperate with its investigation but refusing to compensate expenses associated with said investigation.

f. Failing to advise GLG of its intent to rescind until January 8, 2015, after having availed itself of the benefits of some provisions of the policy as indicated above.

3. <u>Estoppel</u>. MLM is estopped from rescinding the policy based on, but not limited to the following:

a. Paying claims after obtaining knowledge of false statements by Roth, including but not limited to the October 30, 2014 payment to the Gallagher Langlas Gallagher P.C. Trust Account in the amount of $71,532.25 (invoice number 14-872). *See Ex. A, Invoice 14-782*.

b. Renewing Policy 4716-19 after obtaining knowledge of false statement by Roth. *See Ex. B, Policy 4716-20*.

c. After learning of Roth's false statements, electing not to immediately rescind the policy, but instead availing itself to the benefits of the policy by relying on the language of the Extended Reporting Period Options in refusing to allow GLG to purchase an Extended Reporting Period Endorsement. *See Ex. C, Email Communication from MLM*.

d. After learning of Roth's false statements, and in response to a request to purchase Extended Reporting Period Options, indicating

10

Policy 4716-19 was renewed, and indicating "the coverage provided by Policy 4716-19 will be available pursuant to its terms and conditions." *See Ex. C*.

  e. After learning of Roth's false statements, availing itself to the benefits of Policy No. 4716-19 by demanding GLG cooperate with its investigation but refusing to compensate expenses associated with said investigation.

  f. Failing to advise GLG of its intent to rescind until January 8, 2015, after having availed itself of the benefits of some provisions of the policy as indicated above.

4. <u>Laches</u>.  MLM is barred from rescinding the policy based on the doctrine of laches.  MLM, upon learning of the false statements purportedly allowing for rescission of Policy No. 4716-19, did not promptly rescind the policy, but instead affirmed the policy based on, but not limited to, the following:

  a. Paying claims after obtaining knowledge of false statements by Roth, including but not limited to the October 30, 2014 payment to the Gallagher Langlas Gallagher P.C. Trust Account in the amount of $71,532.25 (invoice number 14-872).  *See Ex. A, Invoice 14-782*.

  b. Renewing Policy 4716-19 after obtaining knowledge of false statement by Roth.  *See Ex. B, Policy 4716-20*.

  c. After learning of Roth's false statements, electing not to immediately rescind the policy, but instead availing itself to the benefits of the policy by relying on the language of the Extended Reporting Period Options in refusing to allow GLG to purchase an Extended Reporting Period Endorsement.  *See Ex. C, Email Communication from MLM*.

  d. After learning of Roth's false statements, and in response to a request to purchase Extended Reporting Period Options, indicating Policy 4716-19 was renewed, and indicating "the coverage provided by Policy 4716-19 will be available pursuant to its terms and conditions." *See Ex. C*.

11

> e. After learning of Roth's false statements, availing itself to the benefits of Policy No. 4716-19 by demanding GLG cooperate with its investigation but refusing to compensate expenses associated with said investigation
>
> f. Failing to advise GLG of its intent to rescind until January 8, 2015, after having availed itself of the benefits of some provisions of the policy as indicated above.

6. <u>Equitable Common Law Innocent Insured Protection</u>. MLM is precluded from rescinding the policy as to Defendants under the equitable common law "innocent insured" doctrine. *See First American Title Ins. Co. v. Lawson*, 827 A.2d 230 (N.J. 2003).

7. <u>Partial Rescission</u>. Assuming arguendo that facts exists requiring rescission of Policy No. 4716-19 as to some, but not all of the Defendants, the rescission should be partial and retain coverage for innocent insureds.

## COUNTERCLAIM

## COUNT I – ATTORNEY FEES

1. "Minnesota Lawyers Mutual" ("MLM ') is a Minnesota mutual insurance company with its principal place of business in Minneapolis, Minnesota, and is authorized to sell insurance policies in the state of Iowa.

2. Counterclaim Plaintiff Gallagher, Langlas & Gallagher ("GLG"), was, at all material times, a law firm and professional corporation organized under the laws of the State of Iowa and with its principal place of business located at 405 E. 5th Street, Waterloo, Iowa.

3. Counterclaim Plaintiffs Timothy C. Boller, E.J. Gallagher III, Thomas W. Langlas, Thomas C. Verhulst and George L. Weilein are each individual citizens of the State of Iowa, and were at all material times, employed as attorneys at GLG, and individual insureds identified in MLM Policy No. 4716-19.

4. MLM, in the above captioned declaratory judgment cause of action, seeks to rescind Policy No. 4716-19 as to all Counterclaim Plaintiffs identified above. The Court has jurisdiction over the above captioned cause of action pursuant to 28 U.S.C § 1332 and 28 U.S.C. § 2201.

5. Pursuant to Iowa law, an insured can recover attorney fees in establishing insurance coverage in a declaratory judgment action where the insurer has "acted in bad faith . . . or was stubbornly litigious." See Clark-Peterson Co. Inc. v. Independent Ins. Ass., Ltd., 514 N.W.2d 912, 915 (Iowa 1994).

6. MLM has acted in bad faith or has been stubbornly litigious in the following manner:

    a. Pursuing rescission of Policy No. 4716-19 even after having paid claims under the policy after having obtained knowledge of false statements by Roth.

    b. Pursuing rescission of Policy No. 4716-19 even after having renewed Policy 4716-19 after obtaining knowledge of false statement by Roth.

    c. After learning of Roth's false statements, electing not to immediately rescind the policy, but instead availing itself to the benefits of the policy by relying on the language of the Extended Reporting Period Options in refusing to allow GLG to purchase an Extended Reporting Period Endorsement, and then seeking to rescind Policy No. 4716-19.

d. After learning of Roth's false statements, and in response to a request to purchase Extended Reporting Period Options, indicating the coverage provided by Policy 4716-19 will "be available pursuant to its terms and conditions", and then seeking to rescind Policy No. 4716-19.

e. After learning of Roth's false statements, availing itself to the benefits of Policy No. 4716-19 provisions by demanding GLG cooperate with its investigation but refusing to compensate expenses associated with said investigation pursuant to the "Defense and Settlement" provisions of the policy and then seeking to rescind Policy No. 4716-19.

f. Failing to advise GLG of its intent to rescind until January 8, 2015, after availing itself of the benefits of some provisions of the policy as indicated above.

7. As a direct result of MLM's bad faith and/or stubbornly litigious actions, Counterclaim Plaintiffs have been damaged, including but not limited to incurring attorney fees in establishing their right to insurance coverage under MLM Policy No. 4716-19.

**WHEREFORE,** Counterclaim Plaintiffs GLG, Timothy C. Boller, E.J. Gallagher III, Thomas W. Langlas, Thomas C. Verhulst and George L. Weilein hereby respectfully request judgment be entered against MLM for their attorney fees, and further ask that the Court allow said attorney fees to be proven by an affidavit to be submitted following the conclusion of the proceeding.

PATTERSON LAW FIRM, L.L.P.
505 Fifth Avenue, Suite 729
Des Moines, IA  50309
Phone:  (515) 283-2147
FAX:    (515) 283-1002
E-mail:  jboehlert@pattersonfirm.com
E-mail:  jmiller@pattersonfirm.com

By:___/s/ Jeffrey A. Boehlert_____

By:___/s/ Jason W. Miller _____

**ATTORNEYS FOR DEFENDANTS
GALLAGHER, LANGLAS & GALLAGHER, P.C.,
TIMOTHY C. BOLLER, EDWARD J. GALLAGHER,
JR., E.J. GALLAGHER III, THOMAS W. LANGLAS,
THOMAS C. VERHULST, and GEORGE L. WEILEIN**

Original filed via ECF:

Copies via ECF:

Kevin J. Driscoll
Eric G. Hoch
FINLEY, ALT, SMITH, SCHARNBERG,
  CRAIG, HILMES & GAFFNEY, P.C.
699 Walnut Street, Suite 1900
Des Moines, IA  50309

Les V. Reddick
Todd L. Stevenson
KANE, NORBY & REDDICK, PC
2100 Asbury Road, suite 2
Dubuque, IA 52001-3069

Stanley J. Thompson
DAVIS, BROWN, KOEHN, SHORS & ROBERTS
215 - 10th Street, Suite 1300
Des Moines, IA 50309

15

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties in the above-cause of action by serving a copy thereof upon each of the attorneys of record herein electronically through the Court's ECF system mail on the 9th day of April 2015, at their respective address disclosed on the pleadings.

                                             _/s/   Lisa Brown_