Greg

**From:** Richard Thomas [mailto:thomas@burkeandthomas.com]
**Sent:** Wednesday, November 26, 2014 1:14 PM
**To:** Greg Lederer
**Cc:** Molly Eiden; Tim Gephart; Kathleen Buck
**Subject:** Re: Estimate of Fees



Greg,

On behalf of MLM, it acknowledges receipt of your email of today's date pursuant to which GLG seeks an Extended Reporting Endorsement pursuant to the "extended reporting period options" language of its former policy with MLM that expired at the end of September 2014. GLG seeks to purchase "a one year Firm Extended Reporting Period Endorsement." Your email indicates that it seeks this Endorsement "for the matters that have been excluded by special endorsement from coverage in the new policy, 4716-20, issued effective October 1, 2014." As you note, that special endorsement provides: "Policy 4716-20 provides no coverage to any INSURED for any CLAIM arising out of or in any way involving the misappropriation of funds by David A. Roth."

MLM does not agree that by offering Policy 4716-20, it "cancelled" Policy 4716-19. That policy terminated by its own terms.

In addition, MLM, by offering Policy 4716-20, did not "non-renew" Policy 4716-19. Policy 4716-19 was renewed, albeit with the endorsement noted above.

At the time Policy 4716-20 was offered, GLG could have elected to non-renew policy 4716-19 on the basis that it did not accept the new coverage offered. MLM could have elected to not offer a new policy. Neither event occurred. Had GLG elected to not renew with MLM, MLM agrees it would have been obligated to offer GLG the option of purchasing an ERE pursuant to the language of the Iowa Changes Endorsement issued with Policy 4716-19. The operative language of that endorsement provides:

*EXTENDED REPORTING PERIOD OPTIONS*

    A. Firm Extended Reporting Period Endorsement is deleted in its entirety and replaced with:

    A. Firm Extended Reporting Period Endorsement

    The NAMED INSURED shall have the option to purchase either a one year Firm Extended Reporting Period Endorsement which will be annually renewable at the option of the NAMED INSURED or an unlimited Firm Extended Reporting Period Endorsement provided:

        (1) this policy is cancelled or non-renewed by either the NAMED INSURED or US;

        (2) the PRIOR ACTS RETROACTIVE DATE or continuity date is advanced;

        (3) coverage is renewed on other than a claims-made basis (sic).

MLM's obligation to offer an ERE is dependent upon one of the three conditions precedent listed above being met.

As noted above, neither MLM nor GLG "cancelled" the prior policy. It terminated pursuant to its own terms. Neither did either party "non-renew" the policy. It was renewed. Indeed, it continues now. Had the firm not renewed this policy, then MLM agrees it would have been obligated to offer an ERE. MLM can find no support in the agreement, however, obligating it to offer an ERE once the policy has, in fact, been renewed.

In essence, your request, and argument that MLM is obligated to offer the ERE after the policy has been renewed, is an attempt to add a fourth subdivision to the three listed above namely that MLM is obligated to offer an ERE if the policy has been renewed by the insured, albeit with an endorsement that restricts coverage. That

...guage, of course, is missing.

We understand that GLG may now be having second thoughts about its decision to renew the policy. Those concerns, however, do not obligate MLM to offer an ERE under circumstances different from those agreed upon between the parties.

MLM must respectfully deny GLG's request to purchase the ERE.

This decision may or may not be of significance to GLG. In the event GLG reports all claims involving Roth prior to December 1, 2014, the coverage provided by Policy 4716-19 will be available pursuant to its terms and conditions.

Rich

I would be happy to answer any questions you may have about this position.