IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| MINNESOTA LAWYERS MUTUAL INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 6:15-cv-02008-EJM |
| Plaintiff, | | |
| v. | | **ANSWER TO COMPLAINT** |
| GALLAGHER, LANGLAS & GALLAGHER, P.C., TIMOTHY C. BOLLER, E.J. GALLAGHER III, EDWARD J. GALLAGHER, JR., LINDA A. JENSEN HALL, THOMAS W. LANGLAS, DOMINIC PECHOTA, KAREN L. THALACKER, THOMAS C. VERHULST, GEORGE L. WEILEIN, MELISSA M. TIMMERMANS, and BRENT J. HEEMSKERK, Fiduciary of the Estate/Conservatorship of DAVID A. ROTH, | | |
| Defendants. | | |

COMES NOW Defendant Brent J. Hemskerk, Fiduciary of the Estate/Conservatorship of David A. Roth ("Defendant"), and for his Answer to Complaint for Declaratory Judgment Including Request for Rescission of Insurance Policy, states to the Court as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Defendant admits an actual controversy exists and that the policy terms speak for themselves and denies the remainder of paragraph 1.

2. Defendant admits paragraph 2.

3. Defendant admits that at all material times Gallagher, Langlas, Gallagher P.C. ("GLG") was a law firm and professional corporation at the address listed in paragraph 3.

#2581546

4. Defendant admits the allegations of paragraph 4, with the exception of denying for lack of information as to why the individuals are parties to this action.

5. Defendant admits the allegations of paragraph 5, with the exception of denying for lack of information as to why the Estate is a party to this action.

6. Defendant admits paragraph 6.

7. Defendant admits this Court has jurisdiction and deny that Plaintiff is entitled to declaratory relief.

8. Defendant admits the court has jurisdiction over the defendants and denies the remainder of the allegations of paragraph 8.

9. Defendant admits paragraph 9.

### III. FACTUAL ALLEGATIONS

10. Defendant admits paragraph 10.

11. Defendant admits the policy terms speak for themselves and denies the remainder of paragraph 11.

12. Defendant denies paragraph 12 for lack of information upon which to form a belief.

13. Defendant denies paragraph 13 for lack of information upon which to form a belief.

14. Defendant denies paragraph 14 for lack of information upon which to form a belief.

15. Defendant admits that David Roth was an attorney and denies the remainder of paragraph 15 for lack of information upon which to form a belief.

16. Defendant objects to paragraph 16 as vague as to what "all communications" and encompassed and otherwise denies paragraph 16 for lack of information upon which to form a belief.

17. Defendant admits the policy terms speak for themselves and denies the remainder of paragraph 17.

18. Defendant denies paragraph 18 for lack of information upon which to form a belief.

19. Defendant denies paragraph 19 for lack of information upon which to form a belief.

20. Defendant admits the application terms speak for themselves and denies the remainder of paragraph 20 for lack of information upon which to form a belief.

21. Defendant admits the response to the application speak for itself and denies the remainder of paragraph 21 for lack of information upon which to form a belief.

22. Defendant denies paragraph 22 for lack of information upon which to form a belief.

23. Defendant denies paragraph 23 for lack of information upon which to form a belief.

24. Defendant admits the application terms speak for themselves and denies the remainder of paragraph 24 for lack of information upon which to form a belief.

25. Defendant admits the response to the application speak for itself and denies the remainder of paragraph 25 for lack of information upon which to form a belief.

26. Defendant denies paragraph 26 for lack of information upon which to form a belief.

27. Defendant admits the response to the application speak for itself and denies the remainder of paragraph 27 for lack of information upon which to form a belief.

28. Defendant denies paragraph 28.

29. Defendant admits the application terms speak for themselves and denies the remainder of paragraph 29 for lack of information upon which to form a belief.

30. Defendant admits the response to the application speak for itself and denies the remainder of paragraph 30 for lack of information upon which to form a belief.

31. Defendant denies paragraph 31 for lack of information upon which to form a belief..

32. Defendant denies paragraph 32 for lack of information upon which to form a belief.

33. Defendant denies paragraph 33 for lack of information upon which to form a belief.

34. Defendant admits the policy terms speak for themselves and denies the remainder of paragraph 34.

35. Defendant admits the policy terms speak for themselves and denies the remainder of paragraph 35.

36. Defendant admits the policy terms speak for themselves and denies the remainder of paragraph 36.

37. Defendant admits the policy terms speak for themselves and denies the remainder of paragraph 37.

38. Defendant denies paragraph 38 for lack of information upon which to form a belief.

39. Defendant denies paragraph 39.

40. Defendant denies paragraph 40.

41. Defendant admits the policy terms speak for themselves and denies the remainder of paragraph 41.

42. Defendant denies paragraph 42 for lack of information upon which to form a belief.

43. Defendant denies paragraph 43.

44. Defendant denies paragraph 44.

45. Defendant denies paragraph 45.

46. Defendant denies paragraph 46.

47. Defendant admits paragraph 47.

48. Defendant denies paragraph 48 for lack of information upon which to form a belief.

49. Defendant denies paragraph 49 for lack of information upon which to form a belief.

50. Defendant admits a certain account at Veridian Credit Union existed under various names and addresses, but denies paragraph 50.

51. Defendant denies paragraph 52 for lack of information upon which to form a belief.

52. Defendant denies paragraph 52 for lack of information upon which to form a belief.

53. Defendant denies paragraph 53 for lack of information upon which to form a belief.

54. Defendant denies paragraph 54 for lack of information upon which to form a belief.

55. Defendant denies paragraph 55 for lack of information upon which to form a belief.

56. Defendant denies paragraph 56 for lack of information upon which to form a belief.

## COUNT I: EQUITABLE RESCISSION

57. Defendant repleads his answers to paragraphs 1 through 56 as though set forth fully herein.

58. Defendant denies paragraph 58 for lack of information upon which to form a belief.

59. Defendant denies paragraph 59 for lack of information upon which to form a belief.

60. Defendant denies paragraph 60 for lack of information upon which to form a belief.

61. Defendant denies paragraph 61 for lack of information upon which to form a belief.

62. Defendant denies paragraph 62.

63. Defendant denies paragraph 63.

64. Defendant denies paragraph 64.

65. Defendant denies paragraph 65 for lack of information upon which to form a belief.

66. Defendant denies paragraph 66.

WHEREFORE, Defendant Brent J. Hemskerk, Fiduciary of the Estate/Conservatorship of David A. Roth, prays that the Court dismiss Plaintiff's Complaint and assess costs against the Plaintiff.

**AFFIRMATIVE DEFENSES**

COMES NOW Defendant Brent J. Hemskerk, Fiduciary of the Estate/Conservatorship of David A. Roth ("Defendant"), and asserts the following Affirmative Defenses:

1. Minnesota Lawyers Mutual Insurance Company ("MLM") ratified the Policy at issue.

2. The claims by MLM are barred by the doctrines of waiver, estoppels and laches.

WHEREFORE, Defendant Brent J. Hemskerk, Fiduciary of the Estate/Conservatorship of David A. Roth, prays that the Court dismiss Plaintiff's Complaint and assess costs against the Plaintiff.

/s/ Stanley J. Thompson
Stanley J. Thompson, AT0007811
Davis, Brown, Koehn, Shors & Roberts, P.C.
4201 Westown Parkway, Suite 300
West Des Moines, Iowa 50266
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
E-mail: StanThompson@davisbrownlaw.com

ATTORNEY FOR BRENT J. HEEMSKERK, FIDUCIARY OF
THE ESTATE/CONSERVATORSHIP OF DAVID A. ROTH

COPY TO:

Kevin J. Driscoll
Eric G. Hoch
Finley, Alt, Smith, Scharnberg, Craig, Hilmes & Gaffney, P.C.
699 Walnut, Suite 1900
Des Moines, IA 50309

ATTORNEY FOR PLAINTIFF

| PROOF OF SERVICE |
| --- |
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on May 1, 2015 by:<br><br>☐ US Mail  ☐ FAX<br>☐ Hand Delivered  ☐ Email<br>☐ Federal Express  X ECF Filing<br><br>Signature:  /s/ Stanley J. Thompson |

Jeffrey A. Boehlert
Jason W. Miller
Patterson & Lorentzen
729 Insurance Exchange Building
505 Fifth Avenue, Suite 729
Des Moines, IA 50309-2390
jboehlert@pattersonfirm.com
jmiller@pattersonfirm.com

ATTORNEYS FOR DEFENDANTS
GALLAGHER, LANGLAS & GALLAGHER, P.C.,
TIMOTHY C. BOLLER, E.J. GALLAGHER, III,
EDWARD GALLAGHER, JR., THOMAS W. LANGLAS,
THOMAS C. VERHULST, GEORGE L. WEILEIN

Frederick B. Anderson
Andrew B. Howie
Hudson, Mallaney, Shindler & Anderson, P.C.
5015 Grand Ridge Drive, Suite 100
West Des Moines, IA 50265-5749
anderson@hudsonlaw.net

ATTORNEY FOR DEFENDANTS
KAREN L. THALACKER AND
MELISSA M. TIMMERMANS

Les V. Reddick
Todd L. Stevenson
Kane, Norby & Reddick, P.C.
2100 Ashbury R., Suite 2
Dubuque, IA 52001
lreddick@kanenorbylaw.com
tstevenson@kanenorbylaw.com

ATTORNEYS FOR DEFENDANT
LINDA A. JENSEN HALL

Robert J. O'Shea
O'Shea & O'Shea, P.C.
1007 Longfellow Drive
Hiawatha, IA 52233
roshea@oshealawpc.com

ATTORNEY FOR DEFENDANT
DOMINIC PECHOTA